1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
9  FOR THE WESTERN DISTRICT OF WASHINGTON

10                                    (Seattle)

11  CENTURION PRO SOLUTIONS INC., a          Civil Action No.
    Canadian corporation,
12                                           COMPLAINT FOR DECLARATORY
13              Plaintiff,                    JUDGMENT OF PATENT INVALIDITY
                                             AND NON-INFRINGEMENT AND
14        v.                                  UNFAIR COMPETITION

15  PAOLO DEVELOPMENTS LTD., a limited
    liability corporation of the British Virgin
16  Islands and PETER RYAN HALL, a Canadian
    citizen,
17
18              Defendants.

19

20        Plaintiff, Centurion Pro Solutions Inc., doing business as Centurion Pro (hereinafter

21  "Centurion Pro"), for its complaint against Defendants Paolo Developments Ltd., doing business

    as "Paolo Developments" or "Paolo" (hereinafter "Paolo") and Peter Ryan Hall (hereinafter
22
    "Hall") alleges as follows:
23
                                       **THE PARTIES**
24
          1.       Plaintiff Centurion Pro is a Canadian corporation, having a business address of
25
    76th Avenue, Surrey, British Columbia V3W 2V3, Canada.
26

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 1
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

2.     On information and belief, Defendant Paolo is a limited liability corporation of the British Virgin Islands, having a business address of Post Office Box 957, Offshore Incorporations Centre, Road Town, BVI.

3.     On information and belief, Defendant Paolo occasionally does business under its corporate name.

4.     On information and belief, Defendant Hall is an individual having a residential address of 1030 - 125 Denman Street, Suite 166, Vancouver, British Columbia V6G 2M6, Canada.

### JURISDICTION AND VENUE

5.     This civil action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, 283, 284, 285; the federal unfair competition laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act § 43(a)]; and under the Washington State Consumer Protection Act R.C.W. 19.86.020, *et seq.* Thus, this Court has jurisdiction of this declaratory judgment action under 28 U.S.C. §§ 2201 and 2202 (declaratory judgment actions); 1338(a) and (b) (patent and unfair competition actions) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

6.     Venue with respect to the Defendants is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1),(b)(3) and (d) as well as under 28 U.S.C. § 1400(b) because on information and belief the corporate Defendant resides in the Western District of Washington within the meaning of 28 U.S.C. § 1391(c) and is doing business therein. Defendant Hall is an individual controlling the acts of Defendant Paolo.

### FACTS COMMON TO ALL COUNTS

7.     Centurion Pro is a manufacturer and wholesale distributor of agricultural equipment including plant trimming products shown in "Exhibit A" attached hereto, and herein referred to as the "trimming products" or "accused products."

8.     Centurion Pro has since at least as early as 2013 made, sold and transported in commerce, and throughout the State of Washington, its trimming products similar to products

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 2
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

shown on Exhibit A attached hereto under its registered Centurion Pro® Trademark. Centurion Pro's customers for these products include retailers and end users located in this Judicial District. Centurion Pro's plant trimming products are also available online through "www.cprosolutions.com."

     9.     On information and belief, Defendant Hall is the Chief Executive Officer of Defendant Paolo and controls all the day to day activities of the corporation including all communications with its attorneys.

     10.     On information and belief, Defendant Paolo is a manufacturer and distributor of plant trimming products similar to the Centurion Pro plant trimming products and alleges that it is the owner of U.S. Patent No. 9,161,566 titled, "Plant Processing System and Method," issued October 20, 2015 (hereinafter "the Hall U.S. Patent" or "the asserted Patent") and assigned to Paolo Developments Ltd., Road Town, Tortola, VG. A true and accurate copy of the Hall U.S. Patent is attached hereto as "Exhibit B."

     11.     Defendant Paolo, under Defendant Hall's direction and control has forwarded demand letters, through its counsel Tessmer Law Offices, to Canadian customers alleging infringement of Canadian Patent No. 2,740,149 from which the asserted Hall U.S. Patent claims priority and is substantially similar to. A true and accurate copy of one of said demand letters dated January 18, 2016 is attached hereto as "Exhibit C." On information and belief, similar demand letters relating to the Hall U.S. Patent were sent to Centurion Pro's customers in the State of California. Discovery will show that demand letters relating to the Hall U.S. Patent have been sent or have been authorized by Defendant Hall to be sent to Centurion Pro's customers in the State of Washington and in this Judicial District.

     12.     On information and belief, Defendant Paolo under direction and control of Defendant Hall has been engaged in the sale of or offering to sell plant trimming products in this Judicial District and may still be selling or offering to sell such products.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 3
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

13.     Defendant Paolo placed Plaintiff Centurion Pro on notice of Paolo's U.S. Patent rights and accused Plaintiff of infringing said

14.     Hall U.S. Patent by virtue of selling the Centurion Pro® plant trimming products shown in Exhibit A by letter dated January 20, 2016, a copy of which is attached hereto as "Exhibit D."

## CLAIM FOR RELIEF, COUNT I

### Declaration of Non-Infringement

15.     Centurion Pro repeats and realleges each and every allegation of paragraphs 1 through 14 as if recited herein.

16.     The Hall U.S. Patent has 13 claims. Of those claims, only Claim 1 is independent. That Claim is reproduced below.

> 1.     A plant processor, comprising:
> (a)     a cylindrical rotatable drum for receiving plant matter, the rotatable drum having a plurality of slots and a ring at each end of the drum positioned coaxially with the drum;
> (b)     a cutting reel positioned below the rotatable drum and being rotatable in an opposite direction to the drum, the cutting reel comprising a cylindrical rod and a plurality of longitudinal cutting blades connected thereto, the cutting reel further including a shaft extending axially therefrom at each end, the shaft being in frictional engagement with said rings on the drum and said rings supporting the drum on the shaft;
> (c)     a cutting knife horizontally positioned below the top of the reel; and
> (d)     a motor to rotate the shaft and the reel and to effect rotation of the drum in the opposite direction as a result of the frictional engagement between the shaft and said rings.

17.     The remaining claims 2 - 13 incorporate each and every element set forth in independent Claim 1 in addition to other elements. Centurion Pro's plant trimming machine (as demonstrated by its "mini" plant trimming machine) lacks *inter-alia* element (c), "a cutting knife horizontally positioned below the top of the reel." Thus, Centurion Pro's accused products do not literally infringe any claims of the Hall U.S. Patent because the Centurion Pro® plant trimming

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 4
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

products have a cutting knife which is above the top of the claimed cutting reel as shown in "Exhibit E" attached hereto.

18.    Plaintiff Centurion Pro's plant trimming products are not legally equivalent to any claim of the asserted Patent.

19.    Plaintiff Centurion Pro has neither directly infringed nor induced the infringement by others of the asserted Patent by importing, selling or offering to sell in or into the United States plant trimming machines which infringe the asserted Patent.  The Plaintiff's products shown in Exhibit A do not literally infringe the asserted Patent nor are they legally equivalent to the invention claimed in the asserted Patent.

20.    By reason of said acts by Defendants, Plaintiff has been and may continue to be seriously damaged and irreparably harmed unless the Defendants are enjoined by this Court from sending further demand letters to Plaintiff's U.S. customers, and thus Plaintiff is without adequate remedy at law.

21.    There is an actual and justicable controversy between the parties as to whether Plaintiff Centurion Pro and its customers have infringed any valid claims of the Hall U.S. Patent.

22.    Plaintiff is entitled to and therefore demands a declaratory judgment that it has not infringed any valid claims of the asserted Patent, and for an award of damages, costs and attorney's fees as allowable including a trebling of any award.

23.    This is an exceptional case for purposes of awarding monetary damages, costs and attorney's fees.

## CLAIM FOR RELIEF, COUNT II

### Declaration of Invalidity

24.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 23 as if recited herein.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 5
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1    25.    Every claim of U.S. Patent No. 9,161,566 to Hall (the Asserted Patent) is invalid

2    *inter alia* under 35 U.S.C. § 103 in view of the relevant prior art and therefore unenforceable

3    under the U.S. Patent laws.

4    26.    With respect to independent Claim 1 of the Asserted Hall U.S. Patent, it would

5    have been obvious to a person of ordinary skill in the relevant art at the time the invention was

6    made to combine the basic structure of the plant trimming device disclosed in U.S. Patent No.

7    8,757,524 to Mosman modified by the cutter bar (bed knife 41) disclosed in U.S. Patent No.

8    5,291,724 to Cotton and the shaft drive support shown at both ends of a photographic processing

9    drum 136 disclosed by Watts, et al. in U.S. Patent No. 5,692,188. As shown by Cotton, the use

10    of a cutting knife horizontally positioned below the top of a cutting reel (reference numeral 30 in

11    Cotton) is extremely common. Watts, et al. show driven and un-driven rollers 54, 54' driven off

12    a drive shaft (motorized pulley 62) to drive a drum. Figure 1 shows the right hand side of the

13    driving apparatus, while Figure 2 shows the driving apparatus at the distal end of the machine.

14    In both cases, the shaft 50 is driven through a recessed groove 56 on each end of the drum by

15    way of the single drive shaft (motorized pulley 62). It would be a matter of ordinary design

16    choice to extend the shaft 62 through both ends of the machine shown in Watt, et al. as shown in

17    Figure 2 through the overflow port 44. One of ordinary skill in the art would be motivated to

18    make that adaptation because driving the drum at both ends would advantageously decrease the

19    torque on the drum surface itself allowing it to be made from a less heavy gauge and less

20    expensive material. This would be a matter of ordinary design choice to a mechanical engineer

21    of the typical level of skill in this art. True and accurate copies of the Mosman, Cotton and

22    Watts, et al. patents are attached hereto as "Exhibits F, G and H," respectively.

23    27.    Claims 8 through 10 of the asserted Patent are obvious and therefore invalid under

24    35 U.S.C. § 103 in view of the combined teachings of Mosman, Watts, et al. and Cotton as those

25    dependent claims relate to the cutting knife being slidable along a second slot in the frame of the

26    processor by a knife adjusting knob cooperating with the knife. Assuming that a first slot is

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 6
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1   inferentially claimed and a second slot is provided for adjustment of the knife by a knife
2   adjusting rod, that structure is also disclosed in Cotton where the cutter bar 41 is adjustable
3   through slots 55 in brackets attached to both sides of the reel support structure 19, 20. The lack
4   of antecedent basis in the claims for a "first shot" renders those claims invalid under
5   35 U.S.C. § 112.

6       28.    Claims 2 through 4 are obvious under 35 U.S.C. § 103 in view of the above
7   combination of references. U.S. Patent No. 5, 692,188 to Watts, et al. disclose the necessary
8   belts and O-rings as discussed above and particularly with respect to bands 58 as described at
9   column 5, lines 14-20 of that patent.

10      29.    Dependent claims 5-7 and 11-12 are invalid under 35 U.S.C. § 103 in view of the
11  combined teachings of Mosman, Cotton, Watts, et al. and U.S. Patent No. 6,889,491 to Buchko.
12  Those claims are directed to the invention of claim 1 including the cutting knife being
13  maintained in position by at least one magnet to enable quick removal and replacement of the
14  cutting knife. The use of magnets to hold a cutting blade with respect to a reel mower blade is
15  disclosed in U.S. Patent No. 6,889,491 to Buchko particularly with reference to Figure 2 of the
16  prior art design. Buchko's improvement is to include a plurality of magnets mounted on the
17  frame and a bed knife which is magnetically held against the magnets in an operating position
18  such that the bed knife is oriented in a cutting relationship with the reel. When the bed knife is
19  in an operating position, sliding movement of the bed knife with respect to the magnets while
20  allowing the bed knife to move away from the magnets may be prevented. A true and accurate
21  copy of the Buchko patent is attached hereto as "Exhibit I."

22      30.    Dependent claim 13 is invalid under 35 U.S.C. § 103 in view of the above prior
23  art references. Buchko specifically shows magnets 21 embedded in a bed bar 22 for the bed
24  knife 18. Thus, all of the elements of all the claims are disclosed in various combinations of
25  Mosman, Cotton, Watts, et al., and Buchko. Mosman, being the primary reference showing
26  basically all of the elements of the claimed invention. The remaining references show minor

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 7
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

variations which would be obvious to one of ordinary skill in the art to combine with Mosman to advantageously arrive at Hall's claimed invention without the necessity of the complex eccentrically mounted cutting reel shown in Mosman.  All of the claims are thus invalid under 35 U.S.C. § 103(b) and/or 35 U.S.C. § 112.

31.    There is an actual and justicable controversy between the parties as to whether any claims of the Hall U.S. Patent are valid and/or enforceable.

32.    Plaintiff Centurion Pro is entitled to a declaratory judgment that none of the claims of the U.S. Hall Patent are valid and/or enforceable under one or more of Sections of the U.S. Patent Laws codified in Section 35 of The United States Code including but not limited to §§103 and/or 112.

**CLAIM FOR RELIEF, COUNT III**

Federal Unfair Competition

33.    Centurion Pro repeats and realleges each and every allegation of paragraphs 1 through 32 as if recited herein.

34.    Defendants' aforesaid allegations of infringement to Centurion Pro's customers constitute a false and misleading description of fact, or false and misleading representation of fact which is likely to confuse the public into believing that use of Centurion Pro's plant trimming products would subject said customers to liability in a civil action in the U.S. District Courts.

35.    Plaintiff is likely to be damaged by such false allegations of the type described.

36.    The Defendants' aforesaid acts have been knowing, willful and without Plaintiff's prior knowledge or consent and are therefore a violation of the Plaintiff's rights under 15 U.S.C. § 1125(a) [§ 43(a) of the Lanham Act].

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 8
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CLAIM FOR RELIEF, COUNT IV**

Violation of Consumer Protection Act

37.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36 as if recited herein.

38.     The above described acts of Defendants Paolo and Hall, constitute an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce in violation of R.C.W. 19.86.020 et seq. that have injured Plaintiff in its business and property.

39.     Defendants' aforesaid acts have been knowing, willful and without Plaintiff's permission and have been intended to damage Plaintiff's goodwill in the State of Washington.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the entry of a judgment by this Court against the Defendants providing:

(a)     That the Defendants have violated the Washington State Consumer Protection Act, R.C.W. 19.86.020 et seq.;

(b)     For an award of damages, together with interest, to compensate the Plaintiff for the Defendants' past acts of unfair competition and misidentification of origin, and that such an award be trebled, and for an award to Plaintiff of all of its costs and attorney's fees with respect thereto in accordance with R.C.W. 19.86.090;

(c)     That the Defendants have violated § 43(a) of the Lanham Act;

(d)     That the Defendants, their respective agents, servants, employees, attorneys and all other persons in active concert or in participation with each Defendant be preliminarily and permanently enjoined and restrained from making any false statements regarding the Defendants' patent rights which are likely to confuse the public, or cause mistake, or to deceive the public as to believing that they might be subject to suit in a civil action by virtue of purchasing or using a Centurion Pro® plant trimming machine;

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 9
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

2

3

4

(e)     For an award of damages in accordance with 15 U.S.C. § 1117(a) for damages sustained by the Plaintiff, and the costs of the action including a trebling of such damages and that the Court determine that this is an exceptional case and award the Plaintiff its reasonable attorney's fees;

5

6

(f)     For a declaration that the Plaintiff has not infringed and/or induced infringement of United States Letters Patent No. 9,161,566;

7

8

9

10

(g)     That the Defendants, their respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with the Defendants, be preliminarily and permanently enjoined and restrained from sending demand letters to Centurion Pro's customers, retailers, distributors and the like with respect to Defendants' rights under said patent.

11

12

(h)     For an award to Plaintiff of all of its costs and reasonable attorney's fees with respect thereto in accordance with 35 U.S.C. §§ 284 and 285;

13

14

(i)     For a declaration that the Defendants' U.S. Patent No, 9,161,566 is invalid, partially invalid and/or unenforceable;

15

16

17

18

19

(j)     That the Defendants, their respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with the Defendants, by preliminarily and permanently enjoined and restrained from publically stating that Plaintiff Centurion Pro's Plant Trimming product shown in Exhibit A and substantially identical products infringe any claims of its U.S. Patent No. 9,161,566;

20

21

22

23

(k)     For an award of the Plaintiff's actual damages in accordance with 15 U.S.C. § 1117, together with interest as this Court considers just to compensate Plaintiff for the Defendants' false allegations of infringement of its patent rights and for an award to Plaintiff of all its costs with respect thereto in accordance with 15 U.S.C. § 1117; and

24

25

(l)     For other and further relief as is provided by law and that this Court deems just and equitable.

26

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 10
Civil Action No. [ ]
CNTR-6-0001 DECLARATORY JUDGEMENT COMPLAINT

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

2

3

4

5   Dated _Febry 5, 2016_

6

7

8

9   Dated _Feb. 5, 2016_

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted,

LOWE GRAHAM JONES PLLC

By: _____
     Michael J. Folise, WSBA #15,276
     701 Fifth Avenue, Suite 4800
     Seattle, Washington 98104
     Phone (206) 381-3300
     Fax (206) 381-3301

By: _____
     Ellen M. Bierman, WSBA #23,224
     701 Fifth Avenue, Suite 4800
     Seattle, Washington 98104
     Phone (206) 381-3300
     Fax (206) 381-3301

Counsel for CenturionPro Solutions, Inc.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY
AND NON-INFRINGEMENT AND UNFAIR COMPETITION - 11
Civil Action No. [ ]
CNTR-5-0002 DECLARATORY JUDGEMENT COMPLAINT.doc